UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LYNN TAYLOR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01723-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 13, 2012, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California.  (Doc. 1).  On October 19, 2012, the case was transferred to this Court.  (Doc. 6).  Petitioner is presently serving an indeterminate sentence of seven years to life, as a result of a 1987 conviction in the Santa Cruz County Superior Court for first degree murder.  (Doc. 1, p. 12).  However, Petitioner is not challenging either

1

his conviction or sentence; rather, Petitioner challenges the May 5, 2009 decision of the California Board of Parole Hearings ("BPH") finding him unsuitable for parole.

I. <u>Preliminary Screening of the Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also Hendricks v. Vasquez</u>, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks</u>, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

II. <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 14, 2012, and thus, it is subject to the provisions of the AEDPA.

As mentioned, Petitioner challenges the May 5, 2009 decision of the BPH finding him

2

unsuitable for parole.  Petitioner raises the following seven grounds for relief: (1) Respondent is using incorrect criteria at the parole suitability hearings; (2) Respondent has failed to afford Petitioner a review to calculate his minimum eligible parole date as required by California statute; (3) BPH has unfairly continued to use Petitioner's commitment offense in rejecting parole; (4) at BPH's court-ordered re-hearing the Board erroneously vacated the prior hearing; (5) Respondent has been using deliberate falsehoods in making its determinations since 2005; (6) the use of "psychological factors" by BPH to deny parole is an abuse of discretion; and (7) BPH's use of an "unstable social history" to reject parole is impermissible.  (Doc. 1, pp. 31-50).

      A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

      As discussed more fully below, the claims in the petition sound exclusively in substantive federal due process and therefore are not cognizable in these proceedings.

      The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

      Because California's statutory parole scheme guarantees that prisoners will not be denied

parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir.2010); <u>Pearson v. Muntz</u>, 606 F.3d 606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (2010), *rev'd*, <u>Swarthout v. Cooke</u>, 562 U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. <u>Hayward v. Marshall</u>. 603 F.3d at 563; <u>Pearson v. Muntz</u>, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in <u>Swarthout v. Cooke</u>, 562 U.S.___, 131 S.Ct. 859. In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout,</u> 131 S.Ct. at 861.

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1] <u>Id</u>. In <u>Swarthout</u>, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

---

[1] In <u>Greenholtz,</u> the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id</u>. at 15-16. The decision maker is not required to state the evidence relied upon in coming to the decision. <u>Id</u>.

<u>Swarthout</u>, 131 S.Ct. at 862.  The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

<u>Id</u>.  The Court expressly pointed out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause.  <u>Id</u>.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  <u>Id</u>. at 863.

<u>Swarthout</u> forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws.  Here, the claims in the petition sound exclusively in substantive due process and are therefore foreclosed by <u>Swarthout</u>.  Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia; reliance upon the circumstances of the commitment offense to support denial of parole; or the application of or failure to apply specific state statutory, procedural, and regulatory rules and standards to the parole haering and the BPH's decision, are issues that are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

B.  <u>Procedural Due Process</u>

Applying the above principles to the facts in this case, it is clear that the Court lacks habeas jurisdiction to review the BPH's decision following Petitioner's May 5, 2009 hearing.  Petitioner has neither claimed nor established a violation of his federal right to procedural due process.  Petitioner has not included a full transcript of the BPH hearing; however, he has provided several excerpts, including the title page of the transcript, the BPH's decision, and a dialogue between BPH members and Petitioner.  (Doc. 1, Ex. 1, pp. 7-9; Ex. 12, pp. 47-52).  From those excerpts, it is clear that Petitioner was present at the BPH hearing, that he was given an opportunity to be heard, that he was

represented by counsel at the hearing, and that he received a statement of the Board's reasons for denying parole.

According to the United States Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Notwithstanding Petitioner's numerous contentions that Respondent is not following California statutory and regulatory law in reaching its decisions vis-à-vis Petitioner's parole suitability, the Supreme Court, as mentioned, has explained that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied *rests with California courts, and is no part of the Ninth Circuit's business*." Id. at 863. (Emphasis supplied). If it is none of the Ninth Circuit's business, it is certainly none of a district court's business. Therefore, the instant petition does not present cognizable claims for relief and should be summarily dismissed.

Moreover, to the extent that Petitioner's claims rest solely on state law, e.g., that they allege failures by the BPH to follow California statutory and regulatory law or failure to apply the proper state legal criteria, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry state issues that do not rise to the level of federal constitutional violations. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). For these reasons, the Court lacks habeas jurisdiction in this matter.

## **ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

///

///

///

6

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2012**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE